UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE LEE SORENSEN,

    Plaintiff,

v.                                                CASE NO. 8:14-cv-510-T-23TBM

SHERIFF CHRIS NOCCO, *et al.*,

    Defendants.
_____/

**O R D E R**

Defendant Sheriff Nocco moves (Doc. 21) to dismiss the complaint and argues that the complaint fails to state a claim against him. Because he appears *pro se*, an earlier order (Doc. 22) cautions Sorensen that the granting of the motion to dismiss could result in both the dismissal of his claims and a final adjudication. Although he received a serious injury while in the Pasco County jail, the complaint fails to allege a basis for Sheriff Nocco's liability for the allegedly inadequate medical care.

In 2012 Sorensen, a detainee in the Pasco County jail, was attacked by another detainee and the resulting injury required medical attention. Sorensen contends that the medical care he received was insufficient. Sorensen commenced this action against Sheriff Chris Nocco, Deputies Meiris and Harper, Dr. Case, and Nurses Burke and Cleary. An earlier order (Doc. 11) dismisses the two deputies because the

complaint asserts facts showing that neither Sergeant Meiris nor Deputy Harper denied or delayed medical care.  Service of process was not effected (1) on Dr. Case and Nurse Burke because each is no longer employed by the medical provider at the county jail and (2) on Nurse Harper because a person by that name was never employed by the medical provider.  (Docs. 15–17)  The only defendant successfully served is Sheriff Nocco, who moves to dismiss the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure, which permits dismissing a complaint for failing "to state a claim upon which relief can be granted . . . ."

**Motion to Dismiss:**

Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), summarizes the pleading requirements as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*,

> 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." As a consequence, *Twombly* specifically applies to a Section 1983 prisoner action. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

**Facts:**

Sheriff Nocco accurately summarizes Sorensen's factual allegations as follows (Doc. 21 at 2–3) (page references to the complaint omitted):

> The facts relevant to Plaintiff's medical treatment according to the Complaint are the following. Plaintiff was battered by another inmate on June 10, 2012, and [he] believed his face had been broken. Pictures were taken and he was sent to the medical pod. Plaintiff submitted a medical request indicating his opinion that his face was broken. The next day, June 11, 2012, medical received Plaintiff's request and Plaintiff was seen by Dr. Brenda Case, who referred him for an x-ray. The radiology report indicated that there was a possible fracture, and a CT scan was recommended.
>
> Plaintiff was transported to Pasco Regional Medical Center on June 21, 2012, for a CT, which confirmed that there was a fracture. The medical department at Land O' Lakes Jail requested the CT results the next day, on June 22, 2012.

> Plaintiff went to Oak Hill Hospital on June 27, 2012, where Dr. Krishna Ganti indicated that the injury was two weeks old and needed to be fixed "A.S.A.P," "before fibrous union makes it impossible to correct it." Dr. Ganti also commented that, "it will take some time for the rt. infra orbital nerve function to return, if it does return." Two days later, June 29, 2012, Plaintiff had surgery to correct the break, which involved two plates and nine screws to the right side of his face. Plaintiff claims he still experiences numbness and pain in the area.

**Pretrial Detainee:**

Sorensen alleges that his rights under both the Fourteenth and Eighth Amendments were violated. Sorensen was a pretrial detainee when the alleged incident occurred. A pretrial detainee enjoys the protection afforded not by the Eighth Amendment but by the Due Process Clause of the Fourteenth Amendment, which ensures that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV. *See Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979) (explaining that the Due Process Clause of the Fourteenth Amendment protects a detainee whereas the Eighth Amendment protects a prisoner). The two constitutional provisions offer the same protection. The Fourteenth Amendment provides a pretrial detainee no greater constitutional protection than the Eighth Amendment provides a prisoner. *See, e.g., Whitley v. Albers*, 475 U.S. 312, 328 (1986) ("[T]he Due Process Clause affords [plaintiff] no greater protection than does the Cruel and Unusual Punishment Clause."), and *Hasemeier v. Sheppard*, 252 Fed. App'x 282, 284 (11th Cir. 2007) ("Because Hasemeier was a pretrial detainee, we analyze his claims of excessive force under the Fourteenth Amendment, using the

same standards as used for Eighth Amendment claims."). Consequently, Sorensen's claim is properly construed as only a Fourteenth Amendment claim.

### *Respondeat Superior* and Policy:

Sheriff Nocco is the only defendant remaining in this action. The complaint fails to allege a fact showing that Sheriff Nocco was personally involved in the alleged denial of (or the delay in providing) medical care. The complaint must allege facts showing the direct involvement of each defendant in the alleged deprivation of Sorensen's civil rights. A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in a civil tort action, the principle of *respondeat superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). Consequently, the complaint insufficiently alleges a claim against Sheriff Nocco under *respondeat superior*.

After asserting that the "Florida Model Jail Standards" requires a policy for "emergency services by health care providers," Sorensen alleges that "the failure of Chris Nocco as Sheriff and head of the facility to have such [a] policy and trained deputies amount[s] to gross negligence or deliberate indifference to Plaintiff's constitutional right to . . . medical care." (Doc. 1 at 7) To base a claim on a departmental policy or an alleged failure to train, Sorensen must identify what training was inadequate, how that specific training effected the underlying alleged

civil rights deprivation, and how the defendant was charged with providing that training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–91 (1989). These requirements were explained further in *Williams v. City of Homestead, Fla.*, 206 Fed. App'x 886, 890 (11th Cir. 2006).[1]

> We have held that a § 1983 failure-to-train claim against a municipality is valid only in the limited circumstances where a plaintiff can show that: (1) the municipality inadequately trained or supervised its officers; (2) the failure to train or supervise is a city policy; and (3) the city's policy caused the officer to violate the plaintiff's constitutional rights. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

Sorensen cannot meet each of these requirements, especially the need to show that either a policy or a lack of training caused the alleged violation of his constitutional right to medical care, specifically, that the lack of medical care was more than either gross negligence or medical malpractice.

**Medical Care:**

A state has the constitutional obligation to provide adequate medical care — not mistake-free medical care — to those in confinement. *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995), *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989). "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violations merely because the victim is a prisoner.'" *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] complaint

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. at 106. "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." 429 U.S. at 107.

Instead, an inmate is protected from deliberate indifference to a serious medical need. In analyzing a claim of deliberate indifference to a serious medical need, a court must focus on two components: "whether evidence of a serious medical need exists; if so, whether the defendants' response to that need amounted to deliberate indifference." *Adams v. Poag*, 61 F.3d at 1543. These two components are explained further in *Gilmore v. Hodges*, 738 F.3d 266, 274 (2013):

> A plaintiff must first show an objectively serious medical need that, if unattended, posed a substantial risk of serious harm, and that the official's response to that need was objectively insufficient. *See Bingham v. Thomas*, 654 F.3d 1171, 1175–76 (11th Cir. 2011). Second, the plaintiff must establish that the official acted with deliberate indifference, *i.e.*, the official subjectively knew of and disregarded the risk of serious harm, and acted with more than mere negligence.

*See also Clas v. Torres*, 549 Fed. App'x 922 (11th Cir. 2013)[2] ("[T]o state an . . . inadequate medical treatment claim under § 1983, the allegations must show (1) an objectively serious medical need; (2) deliberate indifference to that need by the defendant; and (3) causation between the indifference and the plaintiff's injury.").

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Depending on the circumstances, a delay in providing treatment can constitute deliberate indifference. *Harris v. Coweta County*, 21 F.3d at 394.  Therefore, Sorensen must allege sufficient facts to establish that Sheriff Nocco knew of a serious medical condition from which he was suffering and, intentionally or with reckless disregard, delayed treatment. *See generally, Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Medical treatment that is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness violates the eighth amendment.")

Sorensen's facts meet the standard for proving neither deliberate indifference to a serious medical need nor an unreasonable delay in proving medical care for a serious medical need.  Immediately after the incident Sorensen was removed to a secure medical unit and the following morning he was examined by Dr. Case, who ordered X-rays of Sorensen's injury.  Contrary to Sorensen's interpretation, the doctor who reviewed the X-rays did not offer an opinion on the extent of facial bone fractures, but stated that he could not "rule out" the possibility of fractures to the "orbital rim" or the "right maxillary wall."  Ten days after the X-rays were taken Sorensen received a CT scan.  Based on the results from that diagnostic test, five days later Sorensen was examined by a specialist, who performed the necessary surgery two days later.  Sorensen proves neither deliberate indifference nor unreasonable delay in medical care.  Moreover, Sorensen asserts neither a fact showing that Sheriff

Nocco was directly involved in the medical care nor a policy of the Pasco County Sheriff's Office that controlled the alleged insufficient medical care.

Accordingly, Sheriff Nocco's motion to dismiss (Doc. 21) is **GRANTED**. The clerk must enter a judgment for Sheriff Nocco and close this case.

ORDERED in Tampa, Florida, on October 26, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE